UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MUSTAPHA BOJANG, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | C.A. No. 22-182WES |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Petitioner Mustapha Bojang's motion requesting the appointment of counsel to represent him in connection with his Petition for issuance of the writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 3. The motion arises pursuant to 18 U.S.C. § 3006A(a)(2)(B), which provides that "representation may be provided for any financially eligible person who . . . is seeking relief under" 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). The motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

There is no constitutional right to counsel in a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002). Rather, counsel may be appointed in a § 2254 action for a petitioner who has been found to be "financially unable to obtain adequate representation . . . [w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). To make that determination, the "'court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.'" Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)

(quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)).  Counsel should not be appointed unless the petitioner can shoulder the burden of demonstrating that the denial of counsel would result in "fundamental unfairness impinging on the party's due process rights." Forte v. Comm'r of Corr., 134 F. Supp. 3d 654, 655 (D. Mass. 2015) (internal quotation marks omitted).  Only if it becomes clear that the issues raised by the petition will require an evidentiary hearing do the rules governing federal habeas proceedings require the appointment of counsel.  Fed. R. Civ. P. § 2254 Rule 8(c).  Otherwise, the habeas rules do not require the appointment of counsel in § 2254 cases.  Ali v. Gerry, No. 12-cv-185-JL, 2012 WL 4848889, at *1 (D.N.H. Oct. 10, 2012).

Petitioner filed his motion for counsel at the same time that he filed his Petition and his motion for *in forma pauperis* ("IFP") status.  He asks the Court to appoint counsel because he is unable to afford an attorney and his imprisonment will greatly limit his ability to litigate his claims.  He contends that the Petition presents issues that are complex and will require significant research and investigation, which he has only a very limited ability to do.  He also argues that counsel would be better able to present evidence, mitigate conflicting testimony and cross examine witnesses.

For several reasons, Petitioner's motion for counsel is premature and therefore is denied without prejudice.

First, Petitioner's IFP application is still pending because he did not accompany it with the mandatory prisoner trust fund account statement.  While he may well be indigent, the Court cannot declare him eligible until the account statement is received.  The Court has directed him to file the statement by June 16, 2022.  ECF No. 4.  Therefore, Petitioner has not yet established

his financial eligibility for court-appointed counsel, which is a statutory prerequisite pursuant to 18 U.S.C. § 3006A(a).

Petitioner's counsel motion is also premature because, with no response to the Petition from the State, it is impossible for the Court to assess the merits of the claims and the complexity of the legal issues presented.  As of this writing, the Court can ascertain only that the Petition appears to be timely; it cannot determine, for example, whether each of the issues Petitioner seeks to raise is appropriately exhausted and ripe for § 2254 consideration.  Nor at this early stage is the Court able to assess Petitioner's capacity for self-representation except to note that the Petition itself is articulately presented.  Finally, at this early stage, it is impossible to find that an evidentiary hearing will be necessary.

After Petitioner has qualified for IFP status and after the State has responded to the Petition, Petitioner may renew his motion for counsel.  For now, however, based on the foregoing analysis, Petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice as premature.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 31, 2022